UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEA THALE,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 11-cv-03778-YGR<br><br>**ORDER DENYING DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On November 1, 2012, Defendant Apple Inc. filed an Administrative Motion to File Documents Under Seal in Support of Its Motion for Partial Summary Judgment ("Motion"). (Dkt. No. 62.) The documents sought to be sealed by the Motion (collectively, "Documents") consist of either (i) documents produced or designated as "Confidential" under the Protective Order in this action (Dkt. No. 57), including deposition transcript excerpts, or (ii) selected portions of Defendant's motion for partial summary judgment, separate statement, or declarations in support thereof. (Motion at 1–2.) Defendant describes the Documents as containing confidential business information (which it does not disclose publicly), such as financial or iPhone sales information, information regarding business dealings with third parties (including Defendant's advertising agency), or other proprietary business practices. (*Id.*) Defendant asserts that "[f]inancial data regarding Apple's iPhone sales and the terms of certain license agreements entered into by Apple are commercially sensitive, non-public business information that should remain confidential," that it has a "legitimate business interest in protecting the confidentiality of its business dealings and agreements," and that it "would be prejudiced if such information became publicly available." (Declaration of David M. Walsh in Support of Apple Inc.'s Administrative Motion to File Documents Under Seal (Dkt. No. 62-1) ¶ 3.) No specific argument

is made in the Motion as to the precise harm that would result if the Documents were publicly-disclosed.

A motion to seal documents attached to a dispositive motion that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006)). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). In effect, an order authorizing sealing of a document would require the court to lock the courtroom doors as to the proffered material during trial. While the decision to grant or deny a motion to seal is within the trial court's discretion, the basis must be compelling and the court must articulate its reasoning in approving such a request. *Pintos*, 605 F.3d at 679. Further, given the importance of the competing interests at stake, any sealing order must be narrowly tailored. Civ. L.R. 79-5(a). "A stipulation . . . that allows a party to designate documents as sealable[] will *not suffice* to allow the filing of documents under seal." *Id.* (emphasis supplied).

The majority of the Documents contain Defendant's own confidential business or financial information. While it appears that certain Documents may have been produced by a third-party, the only explanations for why a sealing order is appropriate, however, come from Defendant. No response to the Motion was filed by Plaintiff, nor did any third-party whose business information may be implicated by the Motion make a showing for why their documents should be sealed. *See* Civ. L.R. 79-5(d).

The Court hereby **DENIES** this Motion because Defendant has not met its burden of showing that the Documents are sealable. It is insufficient to argue generically that the information is confidential, not otherwise publicly-disclosed, and would cause "irreparable

1 injury" if disclosed. (Motion at 1.) No showing has been made that information at issue is a trade
2 secret or otherwise entitled to protection under the law. Moreover, designation under the
3 Protective Order as "Confidential" does not confer sealable status under Civ. L.R. 79-5. In fact,
4 the Protective Order states that "[p]ursuant to Civil Local Rule 79-5 and General Order 62, a
5 sealing order will issue only upon a request establishing that the Protected Material at issue is
6 privileged, protectable as a trade secret, or otherwise entitled to protection under the law."
7 (Emphasis supplied.) For these reasons, the Motion is **DENIED**.

8  The Documents at issue in this Motion must be publicly-filed by November 20, 2012. It
9 is Defendant's responsibility to ensure that the Chambers binder of the moving papers and
10 supporting documents is updated, if necessary.

11  This Order terminates Dkt. No. 62.

12  **IT IS SO ORDERED.**

14 Dated: November 15, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**