UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEA THALE,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 11-cv-03778-YGR<br><br>**ORDER DENYING PLAINTIFF TAEA THALE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THALE'S OPPOSITION TO APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On November 20, 2012, Plaintiff Taea Thale filed an Administrative Motion to File Documents Under Seal in Support of Thale's Opposition to Apple's Motion for Partial Summary Judgment ("Motion to Seal"). (Dkt. No. 74.) The Motion to Seal relates to documents that have been produced or designated "Confidential" by Apple pursuant to the Protective Order in this action or information contained in documents so designated. (Motion to Seal at 2.) Specifically, Thale requests that three documents be sealed: (i) the Declaration of John Whitaker in Support of Thale's Opposition to Apple's Motion for Partial Summary Judgment and exhibits thereto; (ii) Thale's Opposition to Apple's Motion for Partial Summary Judgment; and (iii) Thale's Responsive Separate Statement of Facts.

This Motion to Seal falls under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party." Civ. L.R. 79-5(d) states that a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule. "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed

sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d).

The Court has not received a response to the Motion to Seal or the required declaration or proposed sealing order under Civ. L.R. 79-5(d). Accordingly, the Court **DENIES** the Thale's Motion to Seal. Thale must publicly-file the documents at issue in the Motion to Seal by December 5, 2012. It is Thale's responsibility to ensure that the Chambers binder of the opposition papers and supporting documents is updated, if necessary.

This Order terminates Dkt. No. 74.

**IT IS SO ORDERED.**

Dated: November 30, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**